UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE WYATT, *et al.*, | Case No. 3:18-cv-00398-MMD-CBC |
| Plaintiffs, | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |
| v. | |
| D. TRUMP, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 4) ("R&R") regarding Plaintiffs' motion/application to proceed *in forma pauperis* ("Application") and *pro se* complaint ("Complaint") (ECF No. 1-1). Plaintiffs filed an objection to the R&R on February 22, 2019. (ECF No. 5.) For the reasons stated below, the Court accepts and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that

district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *id.* at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiffs' objection to the R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and underlying materials, this Court finds good cause to accept and adopt the R&R in full.

Judge Carry recommends denying Plaintiffs' Application and dismissing the Complaint. (ECF Nos. 1, 4.) Considering Plaintiffs' incomprehensible allegations with references to other states, Judge Carry found that Plaintiffs present no facts to suggest that venue is proper in this district and the interest of justice would not be served by transferring this case to another forum. (ECF No. 4 at 1; *see* ECF No. 1-1.) Plaintiffs' objection is equally incomprehensible, and the Court is unable to decipher any actual objection to the R&R. (*See generally* ECF No. 5.) In any event, this Court agrees with the R&R and therefore adopts Judge Carry's recommendation to dismiss the action. *See* 28 U.S.C. § 1406(a) (providing that where venue is improper, the district court "shall" dismiss the action, or "if in the interest of justice, transfer [the] case to any district . . . in which [the case] could have been brought"). The Application (ECF No. 1) is denied as moot.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 4) is accepted and adopted in its entirety.

It is further ordered that Plaintiffs' objection (ECF No. 5) is overruled.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice for lack of venue.

It is further ordered that Plaintiffs' application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

///

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE